UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BASIR A. ALSABUR, aka LEROY COATS, | ) | CASE NO. 1:05 CV 1626 |
| Petitioner, | ) ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) ) | |
| DAVID BOBBY, | ) ) | <u>MEMORANDUM OF OPINION AND ORDER</u> |
| Respondent. | ) ) | |

On June 16, 2005, petitioner <u>pro se</u> Basir A. Alsabur filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Alsabur is incarcerated in an Ohio penal institution, having been convicted of attempted murder in February 1992.

As grounds for the petition, Alsabur asserts: 1) his conviction is void because the Ohio statute of limitations had run before he was prosecuted, and 2) Ohio law required that his indictment be dismissed because he was not tried within 120 days after his arrival in the state. The petition reflects that Alsabur completed his direct appeals in 1995, and that he filed a postjudgment motion in the Ohio Court of Appeals in 2003 seeking to raise the issues sought to be raised herein. The motion was denied, and the Ohio Supreme Court subsequently

denied jurisdiction.  For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States.  Furthermore, the petitioner must have exhausted all available state remedies.  28 U.S.C. § 2254.  Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As a threshold matter, it is evident on the face of the petition that over 13 years passed from the date of Alsabur's conviction to the filing of his petition.  His 2003 postjudgment

motion in the Ohio Court of Appeals cannot "retrigger" the statute of limitations, under these circumstances, for bringing a federal habeas action. <u>Robinson v. Moore</u>, No. 00-4348, 20 Fed.Appx. 358, 2001 WL 1136056 (6th Cir. Sept. 19, 2001), <u>Cf. Searcy v. Carter</u>, 246 F.3d 515 (2001)(filing of delayed appeal to Ohio Supreme Court does not cause federal habeas statute of limitations to begin running anew). Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no suggestion of any other reasonable basis for tolling the one year statute of limitations. Therefore, the petition must be dismissed as time-barred.

Further, even if this action had been timely filed, the issues raised by Alsabur are not of a federal constitutional nature. It is not the province of this court to reexamine state-court determinations on state-law questions. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

s/ Kathleen M. O'Malley

```
                                        KATHLEEN M. O'MALLEY
                                        UNITED STATES DISTRICT JUDGE
DATED:   August 17, 2005
```